CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

AUG 16 2011

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

In Re:                                          )          Civil Action No. 6:11-cv-00015
                                                )
KENNETH L. MITCHEM,                             )
                                                )
        Debtor,                                 )
                                                )
KENNETH L. MITCHEM,                             )
                                                )
        Appellant,                              )
                                                )
v.                                              )
                                                )
BRANCH BANKING AND TRUST COMPANY,               )
                                                )
        Appellee.                               )
_____         )

In Re:                                          )          Civil Action No. 6-11-cv-00016
                                                )
MEREDITH R. BUIST,                              )
                                                )
        Debtor,                                 )
                                                )
MEREDITH R. BUIST,                              )
                                                )
        Appellant,                              )          **MEMORANDUM OPINION**
                                                )
v.                                              )
                                                )          By: Hon. Glen E. Conrad
BRANCH BANKING AND TRUST COMPANY,               )          Chief United States District Judge
                                                )
        Appellee.                               )

        Meredith R. Buist and Kenneth L. Mitchem (collectively, "Appellants") filed a motion on

August 26, 2010, in the United States Bankruptcy Court for the Western District of Virginia

("Bankruptcy Court"), seeking to avoid a lien held by Branch Banking and Trust Company

("BB&T"). On April 1, 2011, the Bankruptcy Court denied Appellants' motion. On April 7,

2011, Appellants filed a timely notice of appeal pursuant to 28 U.S.C. § 158(a)(1). However, Appellants filed its designation of items to be included in the record on appeal and statement of the issues to be presented ("designation") on May 31, 2011, forty days after the applicable deadline as set forth by Federal Rule of Bankruptcy Procedure 8006. BB&T made no response during the period between the filing of Appellants' notice of appeal and the late filing of Appellants' designation. Then, on June 22, 2011, BB&T filed a motion to dismiss based on Appellants' failure to comply with Rule 8006's deadline for filing its designation. For the reasons specified below, the court will deny BB&T's motion to dismiss.

## BACKGROUND

The following facts are presented in the light most favorable to Appellants.

After BB&T moved to dismiss, Appellants filed their response on July 18, 2011. In the response, Appellants acknowledge their failure to comply with the filing deadline imposed by Rule 8006. However, Appellants aver that both the notice of appeal and the designation "were prepared and were to be filed at the same time." (Docket No. 8 at ¶ 3.) According to Appellants, an office staff member for Appellants' counsel contacted the Bankruptcy Court on April 7, 2011, to verify that both documents had been filed, and was informed that both items had been properly filed. (Id.) Appellants allege that a Bankruptcy Court clerk also stated that Appellants should receive a District Court ECF notice detailing all of the dates on which various documents were due. (Id.)

After Appellants' counsel had not received an ECF notice, a member of counsel's office staff contacted the Bankruptcy Court on April 25, 2011, and was informed by a clerk that "sometimes it takes longer and that we should get the email from the District Court because the Appeal was done." (Id.) The office staff member once again contacted the Bankruptcy Court on

2

May 27, 2011, to inform the Bankruptcy Court that Appellants had not yet received an ECF notice. It was during this phone conversation that a Bankruptcy Court clerk notified Appellants' counsel that the designation had not been docketed. (Id.) Upon notice of this fact, Appellants' counsel immediately filed the designation. (Id.) The office staff member of Appellants' counsel who conducted the foregoing communications with the Bankruptcy Court submitted an affidavit attesting to the truthfulness of these occurrences. (Id. at 5.)

On August 4, 2011, BB&T filed its reply brief. BB&T argues that Appellants' reliance on the Bankruptcy Court clerk's assurances was unfounded, considering the fact that docket entry 31 in the Bankruptcy Court case states, "Notice of Appeal to District Court . . . . Appellant Designation due by 4/21/2011." (Docket No. 9 at ¶ 12; Docket No. 2, App. 1 at 4.) BB&T also asserts that Appellants' counsel has timely filed a designation in a previous bankruptcy appeal to this District Court and should therefore be familiar with Rule 8006's filing deadline. (Docket No. 9 at ¶ 13.)

## DISCUSSION

A.     **Legal Standard**

Federal Rule of Bankruptcy Procedure 8001(a) provides, in pertinent part:

> An appellant's failure to take any step other than timely filing a notice of appeal does not affect the validity of the appeal, but is ground only for such action as the district court or bankruptcy appellate panel deems appropriate, which may include dismissal of the appeal.

Fed. R. Bankr. P. 8001(a). Based on this language, the Fourth Circuit has found that "it is clear that the district court has within its discretion the power to impose sanctions including dismissal upon an appellant for not complying with the procedural requirements of the bankruptcy rules." In re Serra Builders, Inc., 970 F.2d 1309, 1311 (4th Cir. 1992).

3

The particular procedural rule at issue in this case is Federal Rule of Bankruptcy Procedure 8006. This rule provides, in pertinent part:

> Within 14 days after filing the notice of appeal as provided by Rule 8001(a) . . . , the appellant shall file with the clerk and serve on the appellee a designation of the items to be included in the record on appeal and a statement of the issues to be presented.

Fed. R. Bankr. P. 8006. Appellants do not dispute their failure to meet the filing deadline imposed by Rule 8006. (Docket No. 8 at ¶ 2.)

Despite the Fourth Circuit's recognition that Rule 8001(a) authorizes the dismissal of an appeal for failure to comply with procedural requirements, the Fourth Circuit has also maintained that "the sanction of dismissal for failure to comply with a non-jurisdictional, procedural guideline, such as Rule 8006, [is] a harsh sanction which a district court must not impose lightly." In re Serra Builders, Inc., 970 F.2d at 1311.

In a 1990 unpublished decision, the Fourth Circuit vacated and remanded a district court's decision to dismiss an appeal from the bankruptcy court for failure to make a timely designation filing under Rule 8006. In re Orgain, 898 F.2d 146, No. 89-2799, 1990 WL 27361, at *1 (4th Cir. Feb. 28, 1990) (unpublished table decision) (per curiam). In its opinion, the Fourth Circuit recognized four possible courses of action in considering whether to dismiss a bankruptcy appeal for failure to comply with a procedural requirement. Id.

The four potential courses of action, which the Fourth Circuit has delineated further in a subsequent published decision, In re Serra Builders, Inc., 970 F.2d at 1311, are as follows:

> (1) make a finding of bad faith or negligence; (2) give the appellant notice and an opportunity to explain the delay; (3) consider whether the delay had any possible prejudicial effect on the other parties; or (4) indicate that it considered the impact of the sanction and available alternatives.

4

Id. The Fourth Circuit noted that "[f]ailure to take at least one of these steps constitutes an abuse of discretion." In re Orgain, 1990 WL 27361, at *1. However, in a later published opinion, the Fourth Circuit clarified that a "proper application of [the Serra] test will normally require a district court to consider and balance *all* relevant factors." In re SPR Corp., 45 F.3d 70, 74 (4th Cir. 1995) (emphasis added); see also, e.g., In re Byrd, No. 07-1126, 2007 WL 4103048, at *2 (4th Cir. Nov. 19, 2007) (vacating and remanding a district court's dismissal of a bankruptcy appeal for failure to consider and balance all relevant factors in the Serra test); Wilkins v. Wilkins, 181 F.3d 95, No. 98-2554, 1999 WL 317556, at *1-2 (4th Cir. May 20, 1999) (unpublished table decision) (same). The process of considering and balancing the Serra factors constitutes an exercise committed to the district court's discretion. In re SPR Corp., 45 F.3d at 74; see also Pamaco P'ship Mgmt. Corp. v. TMC Terraplan Mgmt. Corp., 158 B.R. 61, 65 (W.D. Va. 1993) (considering the Serra factors and exercising discretion not to dismiss a bankruptcy appeal for filing a designation one day after Rule 8006's deadline).

In In re Serra Builders, Inc., the Fourth Circuit affirmed a district court's dismissal of a bankruptcy appeal after the appellant filed its Rule 8006 designation fifteen days past the deadline. In re Serra Builders, Inc., 970 F.2d at 1309. The appellant in that case filed its designation only after the appellee had filed its motion to dismiss based on noncompliance with Rule 8006. Id. Unlike the district court in In re Orgain, the district court in In re Serra Builders, Inc. followed the prescribed protocol. More specifically, the district court noted that the appellant had failed to present the court with any compelling reasons for its delay in filing its designation. Id. at 1311. Additionally, the district court labeled the appellant's conduct as negligent with respect to the entire procedural requirements of the bankruptcy appeals process. Id.

In affirming the district court's decision to dismiss the appeal, the Fourth Circuit also noted that the appellant never filed a request for a time extension before the applicable deadline. Id. Furthermore, the Fourth Circuit found that the appellant's explanation for failing to make a timely filing (its attorney was out of the country) did not provide a sufficient basis to overturn the district court's decision. Id.

## B.   Application of Serra test

After conducting the Serra evaluation, the court must conclude that the sanction of dismissal is not appropriate.

### 1.   Bad faith or negligence

It seems apparent from Appellants' response to the motion to dismiss that its failure to make a timely designation filing did not result from bad faith. However, the reliance on the Bankruptcy Court clerk's assertions, in the face of the docket's contrary representation that the designation had not been docketed, could constitute negligence on the part of Appellants. Furthermore, the fact that Appellants' counsel has timely filed a designation in a prior bankruptcy appeal seems to indicate that counsel's failure in this case to make a timely filing does, in fact, constitute negligence (regardless of the Bankruptcy Court clerk's representations). In the abstract, one would think that a conscientious lawyer, especially one having doubts about whether an essential document has been docketed, would refile the document to protect his client against the consequences of missing an important deadline. In this case, counsel alleges to have filed the designation at the same time as the notice of appeal, meaning that counsel had an additional fourteen days in which to refile the designation before Rule 8006's deadline expired.

On the other hand, in viewing the facts in the light most favorable to Appellants, Appellants' counsel avers to filing both the notice of appeal and the designation on the same day.

6

Therefore, believing that both documents had been docketed, Appellants' reliance on the Bankruptcy Court clerk's repeated representations of successful docketing does not seem totally misplaced.

### 2. Notice and an opportunity for the appellant to explain the delay

Appellants have been afforded an opportunity to explain the delay through their response to BB&T's motion to dismiss.

### 3. Whether the delay had any possible prejudicial effect on the other parties

Appellants claim that BB&T has suffered no prejudice as a result of the delayed filing, based on the fact that BB&T continues to hold a second deed of trust on Appellants' property. (Docket No. 8 at ¶ 6.) Appellants highlight the fact that, if this court upholds the Bankruptcy Court's order, the deed of trust will allow full payment of BB&T's secured claim. (Id.)

BB&T counters by insisting that it has suffered prejudice through Appellants' delay. BB&T notes that the underlying bankruptcy case has been pending for almost one year, resulting in the postponement of the confirmation of Appellants' Chapter 13 plan. BB&T maintains that an inordinate amount of time passed without appropriate action by Appellants and that, as a result, BB&T was prejudiced as Appellants' plan remained unconfirmed and BB&T's secured claim remained unpaid. (Docket No. 9 at ¶¶ 14-15.) Furthermore, BB&T alleges prejudice based upon the fact that the underlying note also remains unpaid. (Id. at ¶ 16.)

However, viewing the facts in the light most favorable to Appellants, if BB&T truly had suffered prejudice as a result of Appellants' late filing, BB&T presumably would have filed its motion to dismiss soon after Rule 8006's fourteen-day deadline had expired. Instead, BB&T waited for Appellants to file their designation forty days late and, furthermore, waited an additional twenty-two days after Appellants' late filing before lodging its motion to dismiss with

7

this court. This delayed response indicates to the court that any prejudice suffered by BB&T was minimal.

### 4. Impact of the sanction and available alternatives

As mentioned above, the Fourth Circuit has determined that "the sanction of dismissal for failure to comply with a non-jurisdictional, procedural guideline, such as Rule 8006, [is] a harsh sanction which a district court must not impose lightly." In re Serra Builders, Inc., 970 F.2d at 1311. Furthermore, the Fourth Circuit has endorsed the principle that "[j]ustice is better served when controversies are decided on their merits rather than procedural technicalities." In re SPR Corp., 45 F.3d at 73 (quoting Sierra Switchboard Co. v. Westinghouse Elec. Corp., 789 F.2d 705, 707 (9th Cir. 1995)). Dismissal of Appellants' appeal would work great prejudice upon Appellants, who argue that they "may lose their house if the appeal is not heard." (Docket No. 8 at ¶ 5.)

## CONCLUSION

Based on the application of the Serra test to this case, the court concludes that Appellants' failure to file their designation within the time allotted by Rule 8006 does not warrant the sanction of dismissal. Appellee BB&T's motion to dismiss is therefore denied. An appropriate order shall issue.

The Clerk is directed to send certified copies of this Memorandum Opinion and the accompanying Order to all counsel of record.

**ENTER**: This _16th_ day of August, 2011.

_Jon Conrad_

_____
Chief United States District Judge

8